IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SUMMER H., individually and on behalf of her minor daughter, HANNAH H.; J. DANIEL M. and SHANA M., individually and on behalf of their minor daughter, HANNAH M.; FLORENCE P., individually and on behalf of her daughter WENDY P.; ALLEN K., individually and on behalf of his minor son, ANDREW K., | ) ) ) ) ) ) ) ) ) ) ) | CR. NO. 09-00047 SOM/BMK<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CHIYOME FUKINO, M.D., in her capacity as Director of the STATE OF HAWAII DEPARTMENT OF HEALTH; MICHELLE R. HILL, in her capacity as the Deputy Director for the DEVELOPMENTAL DISABILITIES DIVISION OF THE STATE OF HAWAII DEPARTMENT OF HEALTH; LILLIAN KOLLER, in her capacity as the Director for the STATE OF HAWAII DEPARTMENT OF HUMAN SERVICES; and STATE OF HAWAII, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs, recipients of the Home and Community-Based Services ("HCBS") and Early Periodic Screening, Diagnosis, and Treatment ("EPSDT") Medicaid programs, bring this motion for temporary restraining order to enjoin Defendants, officials at the State of Hawaii Department of Health and Human Services ("the

Department of Health"), from reducing their Medicaid benefits by 15 percent. Plaintiffs allege imminent physical harm if their benefits are cut, maintaining that 100 percent of the services they currently receive are medically necessary. Following a status conference with this court, the Department of Health has assured Plaintiffs in writing that their benefits will not be cut 15 percent while their administrative appeals remain pending. As the court understands it, the Department of Health has committed to treating the four named Plaintiffs as not presently subject to the 15 percent cut. Plaintiffs are thus now receiving the very temporary relief they have requested. For the reasons detailed below, the motion for temporary restraining order is DENIED as moot.

On December 26, 2008, the Department of Health issued a letter informing all Medicaid recipients that Hawaii's economic conditions were affecting the funding available for Medicaid programs. The Department of Health noted that it had reduced its staff budget in an attempt to minimize the impact on recipients, but it also had to cut benefit payments by 15 percent. Without this reduction, the Department of Health said, state funds would run out before July 1, 2009, the end of the fiscal year. According to the Department of Health, if matching state funds are depleted, the Department of Health stands to lose federal funds as well, and there would then be no Medicaid benefits

distributed at all until after the next budget appropriation on July 1. The Department of Health asked recipients to identify 15 percent of their services that could be cut. If the recipients declined to do so, the Department of Health would make the cuts for them.

Plaintiffs did not identify 15 percent of their services to cut. On January 21, 2009, Plaintiffs received letters from the Department of Health with a revised action plan reflecting their reduced benefits. The letters indicated that Plaintiffs could file appeals, and that their services would continue without any change during the pendency of the appeals. The Department of Health says that all Plaintiffs filed appeals, although Plaintiffs earlier indicated that that was not so.

On February 2, 2009, some Plaintiffs filed the present suit against the Department of Health, asserting that the program-wide budget cuts were unlawful, having been implemented without an individualized review. An additional Plaintiff joined the suit in the First Amended Complaint. Two and a half weeks after this suit began, Plaintiffs filed this motion for a temporary restraining order.

Although this judge was assigned this case while in the middle of a complex criminal trial, this judge contacted the parties on the day this case, previously assigned to a different judge, was transferred to her. In a telephone conference with

the judge, the Department of Health assured Plaintiffs that their benefits would remain at current levels pending an individualized review of each of their cases.  The Department of Health followed up with a letter to Plaintiffs, filed with the court, confirming that all Plaintiffs' benefits were "restored."  Plaintiffs have responded with their own letter.  The parties clearly dispute whether Plaintiffs' benefits had been cut before the Department of Health sent its February 20 letter.  That issue, however, goes to matters other than a TRO and can be litigated on a more deliberate schedule.  Thus, for example, Plaintiffs complain that they have no assurance that services "will not be terminated at a later date."  Absent some reason to think that a 15 percent cut is imminent, a TRO is not warranted.

        Plaintiffs' letter also mentions cuts that may or may not relate to the 15 percent cut (e.g., a reduction in Hannah M.'s services based on her inability to find skilled nursing).  To the extent cuts flow from the Department of Health's decision to cut benefits by 15 percent, however, this court, based on the Department of Health's representation, is proceeding with the understanding that benefits have been "restored."  To the extent any cut is based on some other ground, that issue is not encompassed by the First Amended Complaint.  As Plaintiffs will now receive the temporary relief their motion requests, this

4

court denies as moot their TRO motion, proceeding without a hearing pursuant to Local Rule 7.2.

Plaintiffs argue that the Complaint may not be dismissed as moot based on Defendants' voluntary cessation of the allegedly improper behavior, citing <u>Friends of the Earth v. Laidlaw</u>, 528 U.S. 167, 174 (2000).  However, that case addressed the dismissal of a claim, not the denial of a temporary restraining order.  This court has not dismissed the Complaint on the grounds that Defendants have restored Plaintiffs' benefits temporarily.  Instead, the Court has determined that there is no need to grant immediate, temporary injunctive relief, as Plaintiffs have already received the temporary relief they requested.

The court recognizes that neither the Department of Health's February 20, 2009, communication nor the present order provides relief for any HCBS or EPSDT participant other than named Plaintiffs.  However, it appears that all Medicaid recipients have been invited to appeal their cuts, during which time, they have been assured, their benefits are supposed to remain at current levels.  Upon appeal, recipients should receive the individualized determination that Plaintiffs assert is legally required before any recipient's benefits are cut. Although the First Amended Complaint styles this as a class action, no class has been certified to date.  This court

therefore considers at this time only the named Plaintiffs' situations.[1]

The court stresses that this order in no way forecloses a new TRO motion. If irreparable harm becomes imminent, Plaintiffs may file a new TRO motion. Plaintiffs need not include a refiled memorandum and identical exhibits. Instead, Plaintiffs may simply file the motion portion of their papers, making it clear in that portion that they are incorporating previously filed papers and that relief. Plaintiffs may, of course, supplement those papers.

Plaintiffs may wish to consider whether a class certification motion or a new TRO motion is advisable at this time. It may be that Plaintiffs should instead seek expedited relief in an administrative appeal. This court knows of no reason that an administrative appeal would necessarily take longer than judicial determination. Even if Plaintiffs determine that they should or must proceed in this court, they may want to brief this court on why Plaintiffs need not or cannot exhaust administrative remedies. For example, is an administrative appeal limited to a review of a particular individual's

---

[1] Plaintiffs filed a motion for class certification on February 20, 2009. This court has scheduled a hearing on this motion in the ordinary course, concluding that, if no named Plaintiff faces imminent irreparable harm, this court should not rush to certify a class for the purpose of entering a TRO for unnamed class members. In other words, the court is concerned that a class TRO cannot be entered if no named Plaintiff is entitled to a TRO. Plaintiffs may or may not be appropriate class representatives for purposes other than a TRO.

circumstances, so that a challenge to system-wide across-the-board cuts will not be addressed through the administrative appeals process?

Finally, it is unclear why Plaintiffs do not move for summary judgment, instead of for a TRO.  Plaintiffs may want to consider whether, assuming no jurisdictional, exhaustion, or other bar, this court's disposition of a named Plaintiff's declaratory relief claim might not be sufficient to achieve class goals.  That is, if a judge declared a cut illegal for a single Plaintiff on grounds applicable to many other recipients, the Department of Health might well feel constrained from cutting other recipients' benefits.  That single Plaintiff might also decide to seek permanent injunctive relief.  Plaintiffs should also examine whether, if unnamed recipients accept cuts and do not appeal them, they are dealing with the cuts without suffering irreparable harm, even if the cuts are wrongful, must be undone, and give rise to other forms of relief.  The court raises this issue with the thought that, while some recipients may indeed be irreparably harmed, it is possible that not all recipients whose benefits may be wrongfully cut necessarily suffer the irreparable harm required for a TRO.

This court is not here prohibiting or requiring any particular procedural approach.  This court's intent is only to ensure that consideration is given to all options, and that the denial of the TRO motion does not serve as a reason for any party

7

to feel obligated to reseek a TRO if some other approach might be more workable.  The duration of any TRO lies within the court's discretion, so Plaintiffs should not assume that they would automatically be entitled to a TRO that would last longer than their administrative appeals.  The court identifies issues in this and the preceding paragraphs for discussion purposes only, more as a means of placing questions on the table, not as an inclination of any ruling.

As Plaintiffs have received the relief they requested, the present motion for a temporary restraining order is DENIED as moot, without prejudice to the filing of further motions, including, if appropriate, a new TRO motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 20, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Summer H. et al., v. Fukino; Civil No. 09—00047 SOM/BMK; ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER.