IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SUMMER H. for herself and her disabled adult child, HANNAH M., et al.,<br><br>   Plaintiffs,<br><br> vs.<br><br>CHIYOME FUKINO, M.D., in her capacity as Director of the STATE OF HAWAII DEPARTMENT OF HEALTH, et al.,<br><br>   Defendants.<br>_____ | CIV. NO. 09-00047 SOM-BMK |

### ORDER DENYING PLAINTIFF-INTERVENOR'S MOTION FOR LEAVE TO FILE COMPLAINT IN INTERVENTION

    Before the Court is Plaintiff-Intervenor's Motion For Leave To File Complaint In Intervention. A hearing was held on the Motion on May 29, 2009. The Court has carefully considered the Motion, the memoranda supporting and opposing the Motion and the arguments of the parties. Because Plaintiff-Intervenor's intervention at this time would be futile, the Motion is DENIED.

### BACKGROUND

    Movants are Victoria A. ("Victoria") and Aaron A. ("Aaron"),

respectively a mother and her adult child who is receiving federally-funded Medicaid benefits for developmentally disabled and mentally retarded individuals. Victoria and Aaron allege harm arising from the prospect of cuts to the State of Hawaii-administered Medicaid Home and Community-Based Services Waiver ("HCBS") and Early Periodic Screening Diagnosis and Treatment ("EPSDT") programs.  With respect to the following basic facts, Victoria and Aaron's situation is similar to that of the original Plaintiffs in the action.

On December 26, 2008, the State of Hawaii issued letters to all Medicaid recipients informing them that economic conditions necessitated a fifteen percent cut in all benefit payments.  Recipients were asked to identify fifteen percent of their services that could be cut; recipients were informed that cuts would be made unilaterally by the State absent proposed recipient-identified cuts.  On January 21, 2009, the State issued letters ("January 21st letter") to all Medicaid recipients, setting forth the benefit cuts to be made.  The January 21st letter also indicated that Medicaid recipients could appeal the benefit cuts, that services would continue during the pendency of the appeals and that, should an appeal prove ultimately unsuccessful, the State could seek repayment from recipients for the value of the services received during the appeals process.

In an order signed May 4, 2009, District Judge Susan Oki Molway

dismissed the claims of three of the six original plaintiffs in this action for lack of subject matter jurisdiction. (Order Granting In Part And Denying In Part Motion To Dismiss 14-16.) The court found that the Plaintiffs in question lacked standing and/or that their claims were not ripe. Unitied States v. Antelope, 395 F.3d 1128, 1132-33 (9th Cir. 2005)("[S]tanding and ripeness boil down to the same question.") Specifically, the court found that Plaintiffs had suffered no actual or imminent injury. In the case of one Plaintiff, a determination was made not to cut services; in the case of two others, cuts were delayed pending the resolution of an administrative appeal.

## STANDARD OF REVIEW

Intervention is granted as a matter of right when the a party seeking intervention has an interest in the subject matter of the action and "disposing of the action may, as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In determining whether intervention is appropriate, courts "are guided primarily by practical and equitable considerations" Donnelly v. Glickman, 159 F.3d 405,409 (9th Cir. 1998). A party seeking intervention must also demonstrate subject matter jurisdiction. EEOC v. Nevada Resort Association, 792 F.2d 882, 886 (9th Cir. 1986) "These rules shall not be construed to extend or limit the

jurisdiction of the United States district courts . . . ." Id. (quoting Blake v. Pallan, 554 F.2d 947, 955-56 (9th Cir. 1977).)

## ANALYSIS

It is undisputed that Aaron's HCBS and EPSDT benefits have not actually been cut. "Although Aaron's services were scheduled to be reduced beginning March 24, 2009, they are continuing while our formal appeal is pending." (Decl. of Victoria A. 5.) Aaron, therefore, like the Plaintiffs whose claims have been dismissed, has suffered no actual injury. (Order Granting In Part And Denying In Part Motion To Dismiss 15-16.) "These are hypothetical situations over which this court has no jurisdiction." Id. Until Aaron suffers an actual cut to his benefits, or it is clear that such a cut is imminent and unavoidable, he lacks standing and the claim is not ripe.

Victoria and Aaron argue that, aside from any eventual benefit cuts, they have already been injured because the notice and opportunity for a hearing afforded them by the State have been legally insufficient. They contend that the appeals process is a sham and that the benefit cuts are a foregone conclusion. However, this argument is also premature. If the appeals process results in a favorable outcome for Victoria and Aaron, there will be no injury in fact resulting from the process and they will lack standing. Therefore, a claim based on the

sufficiency of the appeals process is speculative in nature and not ripe.

It would be futile and wasteful of the resources of the Court and the parties to permit Victoria and Aaron to intervene at this time. Here, as when considering a motion to amend, the Court must weigh whether granting the relief sought would be "nothing more than an exercise in futility." Bonin v. Calderon, 59 F.3d 815 (9th Cir. 1994). Victoria and Aaron stand in the same position as the Plaintiffs who have already been dismissed from the action for lack of standing and/or ripeness. If intervention were allowed, Defendants could simply move for summary judgment on the same grounds.

## CONCLUSION

For the foregoing reasons, Plaintiff-Intervenor's Motion For Leave To File Complaint In Intervention is DENIED.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, June 9, 2009.

  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Summer H., for herself and her disabled adult child, Hannah M. v. Chiyome Fukino, M.D., in her capacity as Director of the State Of Hawaii Department Of Health, CV09-00047SOM-BMK; Order Denying Plaintiff Intervenor's Motion For Leave To File Complaint In Intervention